## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DARYL A. ROYSTER,**
          **Plaintiff,**

**vs.**                                        **Case No. 3:06cv358/MCR/MD**

**AMERICAN CYANAMID CO., et al.,**
          **Defendants.**

_____

### ORDER and
### REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* has filed a civil rights complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  (Doc. 1).  He has also filed a motion to proceed *in forma pauperis*.  (Doc. 2).  For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* will be granted.

Plaintiff's name is well known to this court for the numerous cases he has initiated in this district.[1]  In this action, plaintiff names eight defendants: American Cyanamid Company; Atlantic Richfield Company; Sherwin-Williams Company; ConAgra Grocery Products Company; Cytec Industries, Inc.; NL Industries, Inc.; DuPont Company and Millenium Inorganic.  Plaintiff's allegations are as follows.  Plaintiff resided in Aragon Court, a public housing project located in Pensacola,

---

[1]This is the fourteenth case plaintiff has filed in this court since 2003, and the eighth he has filed this year.  In each case, the court has allowed him to proceed *in forma pauperis*.  With the exception of one case, all of plaintiff's cases have been involuntarily dismissed prior to service.  The following seven cases were dismissed as facially deficient in that they failed to state a claim upon which relief may be granted: Case Nos. 3:03cv174, 3:03cv356, 3:03cv358, 3:03cv518, 3:05cv445, 3:06cv151 and 3:06cv263.  Three of plaintiff's cases were dismissed for his failure to comply with an order of the court: 3:03cv385, 3:06cv40 and 3:06cv157.  One case, Case No. 3:06cv238, was dismissed as frivolous. In each of his remaining cases, Case Nos. 3:06cv343 and 3:06cv357 (both of which are still pending), a magistrate judge has recommended dismissal of the complaint as frivolous.  The reports and recommendations, issued within the last fifteen days, are pending review by the district judge.

Florida, from 1970-1985. While living there he was exposed to lead paint. As a result of the exposure, plaintiff suffered from severe headaches as a child and was diagnosed with "spinal merag." (Doc. 1, p. 3). During his college years (1985-1986), he suffered from high blood pressure. (*Id.*). Plaintiff states that he currently "ha[s] a fear of future illness caused by lead exposure, especially sick a cell [sic] anemia, because it take[s] 7 to 10 days for lead to take effect in the blood system." (*Id.*). Claiming violation of his rights under the Fourteenth Amendment, as well as violations of the Lead-Based Paint Poisoning Prevention Act of 1971 ("LPPPA") and Florida's Toxic Substance Abuse Act, plaintiff seeks monetary damages. (*Id.*, p. 4). He seeks to hold the named defendants liable for his alleged injuries because Sherwin- Williams Company, NL Industries, Inc. and Millenium Holdings sold the lead paint to the local housing authority which owned Aragon Court.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Plaintiff is proceeding under federal question jurisdiction pursuant to § 1983. In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted). In the instant case, the fact that one or more of the defendants manufactured and sold the alleged toxic paint to the local housing authority provides no arguable legal basis for the assertion that defendants may be viewed as state actors for § 1983 purposes. Therefore, the complaint should be dismissed as frivolous.

Even if plaintiff's allegations remotely indicated that one or more of the named defendants was acting under color of state law, his allegations, even if proven, do not entitle him to relief under § 1983. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty or property without due process of law." U.S. Const. amend XIV. The substantive component of due process protects against "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *see also Pittsley v. Warish,* 927 F.2d 3, 6 (1st Cir. 1991)

(comparing substantive due process to procedural due process).  There are two theories under which a plaintiff may bring a substantive due process claim.  The first involves the prohibition against the Government's infringement upon certain "fundamental" liberty interests to any degree--no matter what process is provided--unless the infringement is narrowly tailored to serve a compelling governmental interest.  *Brown v. Nix*, 33 F.3d 951,  953 (8th Cir. 1994) (citing *Reno v. Flores*, 507 U.S. 292, 301, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993)).  Under this theory, a plaintiff must demonstrate deprivation of an identified liberty or property interest protected by the Fourteenth Amendment.  *Pittsley*, 924 F.2d at 6 (citing *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626-27, 67 L.Ed. 1042 (1923)).  Under the second theory, the Government's conduct somehow "must shock the conscience or otherwise offend our judicial notions of fairness, or must be offensive to human dignity."  *Brown v. Nix, supra* at 953;  *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209-10, 96 L.Ed. 183 (1952).

In the instant case, plaintiff fails to identify a specific fundamental liberty or property interest with which the State has interfered, and further fails to identify conduct on the part of any defendant which "shocks the conscience."  To the extent plaintiff suggests that because he lived in public housing, defendants had a constitutional duty to provide for his safety and well-being, such claim is without an arguable legal basis.  The United States Supreme Court has made clear that as a general rule, the government is under no general constitutional duty to protect individuals from the harmful conduct of third party state actors.  *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 197, 109 S.Ct. 998, 1005, 103 L.Ed.2d 249 (1989).  An exception to this rule exists "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself."  *DeShaney*, 489 U.S. at 200.

The local housing authority may have provided plaintiff with housing, but he was not forced to accept it, as in the case of a prisoner or institutionalized mental patient.  *DeShaney*, 489 U.S. at 199, 1098 S.Ct. at 1005.  Thus, plaintiff was not restrained to the degree required by *DeShaney* to trigger an affirmative

constitutional duty of care.  *See, e.g.,  Hurt v. Philadelphia Housing Authority, et al.,*806 F.Supp. 515, 523 (E.D. Pa. 1992) (dismissing Fourteenth Amendment claims brought by public housing residents against federal and city defendants based on alleged deprivation of "the right to decent, safe and sanitary housing," and the alleged "taking of a protected liberty interest in bodily security and a possible taking of life-interests protected by the due process clause," because housing authority had no constitutional duty to provide for plaintiffs' safety and well-being.); *see also Dawson v. Milwaukee Housing Authority*, 930 F.2d 1283 (7th Cir. 1991) (housing authority not liable under Fourteenth Amendment for shooting of resident by another resident -- the provision of subsidized public housing does not amount to an exercise of state power in a way that makes a person unable to care for himself.); *Crosby v. Luzerne County Housing Authority*, 739 F.Supp. 951 (M.D. Pa. 1990) (housing authority not liable for death of man killed when Section 8 housing caught fire due to Fire Code violations of which defendant was aware).

Furthermore, plaintiff has failed to state a colorable claim under the LPPPA. Section 1983 may also be used to file a cause of action against a state agent who has violated a federal statute.  *See Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 423, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987); *Aristil v. Housing Authority of Tampa, Florida*, 54 F.Supp.2d 1289 (M.D. Fla. 1999).  While a cause of action may arise under the LPPPA for noncompliance with its provisions, in this case even if plaintiff proved that he lived in Aragon Court from 1970-1985 and that it was later learned that the housing project contained lead hazards, these facts do not make out a claim under the LPPPA because plaintiff does not allege that defendants failed to fulfill any obligation under the LPPPA and its regulations. Thus, plaintiff's allegations, even if proven, would not entitle him to relief under this legal theory.[2]

---

[2]Plaintiff seems bent on re-litigating the lead exposure claims that were (or could have been) previously litigated before this court.  In 2003, he asserted the same Fourteenth Amendment and LPPPA claims based on essentially the same allegations in a civil rights complaint filed in case number 3:03cv174.  He sued Jeb Bush, the Governor of the State of Florida, the Area Housing Commission, the City of Pensacola, the State of Florida Department of Insurance, Bixler & Associates, Inc., several agencies of Escambia County, and several employees of the City and County.  The court

Plaintiff also asserts a claim under the Florida Toxic Substance Act.  Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over this state law claim.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That plaintiff's federal claims be DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2.  That plaintiff's state law claim be DISMISSED WITHOUT PREJUDICE to his re-filing it in state court.

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of August, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

found that plaintiff's Fourteenth Amendment and LPPPA claims failed to state claims upon which relief may be granted. The complaint was dismissed on June 1, 2004, under 28 U.S.C. § 1915(e)(2)(B). Plaintiff did not appeal.